Hansford *et al. v.* Van Auken, Adm'r.

---

No. 8328.

HANSFORD ET AL. *v.* VAN AUKEN, ADM'R.

79  157
158  449
158  450

JUDGMENT.—*Action on.*—*Jurisdiction.*—An action may be maintained on a judgment in the court which rendered it.

SAME.—*Replevin Bail.*—*Defendant by Confession.*—*Joint Liability.*—*Complaint.*— In such action against the judgment defendant and his replevin bail, the complaint, on demurrer of the bail for want of facts, need not show a joint liability. It is enough that it shows a cause of action against him by his becoming a judgment defendant by confession.

SAME.—*Complaint.*—"*Duly Rendered.*"—A complaint alleging that on the 16th day of March, 1877, in the Porter Circuit Court, the plaintiff's intestate, naming her, recovered a judgment, etc., sufficiently shows that the judgment was "duly rendered," and when and where.

SAME.—*Parties.*—*Administrator.*—*Profert of Letters.*—An administrator, suing on a judgment recovered by his intestate, need not allege her death or his appointment, nor make profert of his letters.

SAME.—*Plea in Abatement.*—*Decedents' Estates.*—An administrator's right to
sue can not be questioned otherwise than by plea verified by affidavit.

SAME.—*Answer.*—An answer to a complaint on a judgment, averring that
the defendant has ample property to satisfy the judgment, but has never
been called on for property or money, and that an execution issued on
the judgment was returned unsatisfied by order of the plaintiff, but con-
taining no averment that any lien was lost thereby, or that the de-
fendant was prejudiced in any way, is insufficient on demurrer.

From the Porter Circuit Court.

*T. J. Merrifield,* for appellants.

*W. Johnston* and —— *Pagin,* for appellee.

MORRIS, C.—The appellee, as administrator of the estate
of Mary Ann Hansford, sued the appellants, alleging in his
complaint that on the 16th day of March, 1877, the said Mary
Ann Hansford recovered, in the Porter Circuit Court, a judg-
ment against the appellant John Hansford, for the sum of six
hundred and fifty dollars; that, by the terms of the judgment,
said sum was to become due on the 16th day of October, 1877;
that on said day the appellant Hunt acknowledged himself
as replevin bail for the stay of execution on said sum of $650,
for one hundred and eighty days, by writing his name as such
replevin bail on the record of said judgment; and that he
was duly approved as such bail by the clerk of said court;
that the stay had expired, the judgment remained in full force
and was unpaid; demanding judgment for one thousand dollars.

The appellants severally demurred to the complaint, on
the ground that it did not contain facts sufficient to consti-
tute a cause of action. The demurrers were overruled.

The appellants then answered the complaint in four para-
graphs. The first paragraph was the general denial.

The second paragraph of the answer stated, that as the in-
stalments of said judgment became due, as stated in the com-
plaint, the defendant Hansford was, and still continues to be,
the owner of property, both real and personal, subject to ex-
ecution, and situate in Porter county, Indiana, abundantly
sufficient to satisfy said judgment; and that he had been at

all times, and still is, ready to turn out said property for sale on execution in sufficient quantities to satisfy said judgment; but that he had never been called upon for property or money on said judgment; that the appellee, on the 1st day of August, 1878, caused an execution to be issued on said judgment, directed and delivered to the sheriff of said county, which was, by the order of the appellee, returned by said sheriff on the 10th day of December, 1878, unsatisfied; and that the defendant now tenders lands in said county, describing them, for sale on execution on said judgment, according to law, to satisfy said judgment, which are of the value of $4,500, and of which said Hansford is the owner in fee.

The third paragraph, which is pleaded by Hunt alone, is like the second, except that it states that said Hunt had never been called upon for money or property on said judgment; that if he had been he would have turned out property of the said Hansford sufficient to satisfy and pay it. The paragraph avers that said Hunt, as replevin bail, offers to turn out real estate of his co-appellant, for sale on execution on said judgment, sufficient to satisfy the same. The real estate so offered to be turned out is particularly described in the answer, being situate in Porter county, and alleged to have been owned by the appellant Hansford in fee.

The fourth paragraph sets up a payment of $200.

The appellee replied to the fourth paragraph of the answer and demurred to the second and third separately. The demurrers were sustained.

The cause was submitted to the court for trial. The court found for the appellee. The appellants moved the court for a new trial on the ground that the finding was contrary to law and to the evidence. The court overruled the motion and judgment was rendered for the appellee.

The errors assigned are the rulings on the several demurrers and on the motion for a new trial.

The appellants insist that the complaint is bad as to Hansford, because they say that an action will not lie on a judg-

ment in the same court in which the judgment sued on was rendered. The law is settled otherwise in this State. *Gould* v. *Hayden*, 63 Ind. 443; *Davidson* v. *Nebaker*, 21 Ind. 334. In the former case, Howk, J., says: " He may enforce its collection by the process of the court in which he obtained his judgment, or he may, if he may elect so to do, use his judgment as an original cause of action, and bring suit thereon in the same or some other court of competent jurisdiction, and prosecute such suit to final judgment. This procedure he may pursue as often as he elects, using the judgment last obtained as a cause of action on which to obtain the next succeeding judgment." *Palmer* v. *Glover*, 73 Ind. 529.

The appellants insist that the appellee had no authority to sue; that his appointment as administrator of Mary Ann Hansford is not averred, nor is her death alleged. The demurrers to the complaint do not question the appellee's capacity to sue. It was not necessary for him to make profert of his letters, nor can his right to sue be questioned otherwise than by plea verified by affidavit. 2 R. S. 1876, p. 547.

The appellant also insists that the complaint is clearly bad as against Hunt, because it does not show that he was jointly liable with Hansford. Were it conceded that the complaint does not show Hunt to be jointly liable with Hansford, it would not follow that no cause of action is stated in it against the former. The ground of demurrer alleged by Hunt is, that the complaint does not state facts sufficient to constitute a cause of action against him. If it does, though it fails to state facts sufficient to constitute a joint cause of action against him and Hansford, there was no error in overruling his demurrer. The complaint shows that the appellant Hunt, in due form, became replevin bail for the payment of a judgment against his co-appellant, and in favor of the appellee's intestate; that the time allowed by law for the stay of execution on said judgment had expired, and that the judgment remained in full force and was unpaid. Hunt became a party to the judgment by confession, and was properly joined with Hansford

as a defendant. The facts averred constitute a good cause of action against him, and this is sufficient. *Lane* v. *The State, ex rel.,* 27 Ind. 108.

It is further said that the complaint does not show when the judgment was rendered, nor that it was duly rendered. The complaint states, that on the 16th day of March, 1877, in the Porter Circuit Court, Mary Ann Hansford recovered a judgment, etc. We think it sufficiently certain in these respects. There was no error in overruling the demurrers to the complaint.

It is also insisted that the court erred in sustaining the appellee's demurrers to the second and third paragraphs of the appellants' answer.

These paragraphs show that the appellants have abundant means, but that they are not willing to pay, except at the end of an execution; they seem to be quite willing that their real estate shall be sold upon execution subject to appraisement, but they are unwilling to pay otherwise. It was for this reason, probably, that this suit was commenced. It may be the most effectual way of enforcing payment of the judgment. There is no statement in the second or third paragraph that any lien was lost on the personal property of Hansford by the return of the execution issued on said judgment, or that the return in any way prejudiced the appellants. There was, therefore, no error in sustaining the demurrers to the second and third paragraphs of said answer.

We have looked through the evidence and think it quite sufficient to justify the finding of the court. There is no available error in the record, and the judgment below should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellants.