No. 8329.

## HANSFORD *v.* VAN AUKEN, ADM'R.

ALIMONY.—*Decree.—Judgment.—Jurisdiction.*—A decree awarding alimony is a judgment upon which an action may be maintained in the same court in which it was rendered.

ADMINISTRATOR.—*Legal Capacity to Sue.—Complaint.*—A plaintiff's legal capacity to sue as administrator can be questioned only by a sworn answer. His complaint need not make profert of his letters.

JUDGMENT.—*Court of Superior Jurisdiction.*—*Pleading.*—*Presumption.*—A complaint upon a judgment of a court of superior jurisdiction need not aver that the judgment was " duly rendered." Its validity is presumed.

From the Porter Circuit Court.

*T. J. Merrifield,* for appellant.

*W. Johnston* and —— *Pagin,* for appellee.

FRANKLIN, C.—Appellee, as administrator of the estate of Mary A. Hansford, sued appellant on a judgment for alimony in a divorce case theretofore rendered in the same court.

Appellant demurred to the complaint, which demurrer was overruled. He then filed an answer in denial and a special paragraph. Appellee demurred to the special paragraph, which demurrer was sustained, and appellant reserved exceptions to the foregoing rulings. Trial by court, finding for appellee, motion for a new trial overruled, exceptions reserved, and judgment on the finding.

Errors have been assigned in this court upon the rulings on the demurrers and the motion for a new trial.

Both of these demurrers present the same question, and that is, can an action be maintained upon a judgment rendered in the same court in which the action is brought?

Appellant's counsel admit that a suit can be maintained upon a foreign judgment, or, in a superior court, upon a domestic judgment rendered in an inferior court; but insist that it can not be maintained upon a judgment rendered in the same court or upon a domestic judgment rendered in a court of like jurisdiction. Upon this question we have been referred to a number of authorities from other States. But this question so far as can be, in this State, appears to be well settled by the decisions of this court.

In the case of *Davidson* v. *Nebaker,* 21 Ind. 334, WORDEN, J., uses the following language: "A judgment is a debt of record, and we have no doubt an action will lie to recover such debt, whether the judgment be a foreign or a domestic one, although the plaintiff might have a remedy on the judg-

ment, in the court where it was rendered, by execution or otherwise." And a number of authorities are cited in support thereof.

In the case of *Gould* v. *Hayden*, 63 Ind. 443, on p. 448, Howk, C. J., in rendering the opinion of the court, quotes the foregoing decision approvingly, and adds: "The judgment plaintiff, of course, controls his judgment. He may enforce its collection by the process of the court in which he obtained his judgment, or he may, if he may elect so to do, use his judgment as an original cause of action, and bring suit thereon in the same or some other court of competent jurisdiction, and prosecute such suit to final judgment. This procedure he may pursue as often as he elects, using the judgment last obtained as a cause of action on which to obtain the next succeeding judgment; but the very freedom with which this may be done, *ad infinitum*—and we know of no law or legal principle which would prevent its unending repetition," etc. The opinion then shows that the old was merged into the new judgment. See authorities therein cited.

In the case of *Palmer* v. *Glover*, 73 Ind. 529, Howk, C. J., cites from and approves the above named two former decisions, and adds that the plaintiff can not only recover the original judgment with interest thereon, but in addition thereto all the costs which he recovered in the former action, and in addition to all that the interest on the costs. Thus we find that this question has been definitely settled in this court, and against the views of appellant.

The next objection to the complaint is, that it does not show authority in the plaintiff to sue.

Appellant sued as administrator, and it is not necessary to make his letters of administration a part of the complaint. The character in which he sued could not be questioned unless it was denied by a pleading under oath. *Kelley* v. *Love*, 35 Ind. 106.

It is not objected that the complaint contains no averment that the judgment was duly rendered. Acts of a superior tri-

bunal are valid, without an averment of their validity. *Waltz* v. *Borroway*, 25 Ind. 380.

It is further urged that this was a decree and not a judgment, and therefore no suit could be maintained upon it.

In Freeman on Judgments, section 434, the following language is used: "In the United States, 'We lay it down as a general rule that in every instance in which an action of debt can be maintained upon a judgment at law for a sum of money awarded by such judgment, the like action can be maintained upon a decree in equity, which is for an ascertained and specific amount, and nothing more; and that the record of the proceedings in the one case must be ranked with and responded to as of the same dignity and binding obligation with the record of the other.'" See authorities therein cited. And, as in this State, where the distinction between actions at law and suits in chancery are abolished, this doctrine becomes more peculiarly applicable. . In the case at bar it was both a decree and judgment, a decree for a divorce and a judgment for alimony. This suit is only brought upon the judgment for alimony, which is the same as any other ordinary judgment, and forms no exception to an action being maintained upon it.

The reasons stated in the motion for a new trial are, that the finding of the court was not sustained by the evidence, and was contrary to law.

We have examined the evidence, and think it sustains the finding of the court, and that the finding is not contrary to law.

We find no error in this record.

The judgment below ought to be affirmed. *Hansford* v. *Van Auken, ante,* p. 157.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and the same is hereby, in all things affirmed, at appellant's costs.