Borchus *et al. v.* Sayler.

No. 11,108.

BORCHUS ET AL. *v.* SAYLER.

90   439|
155   597|

MANDAMUS.—*Bill of Exceptions.*— *Motion to Compel Judge to Sign.*—*Master Commissioner.*—*Practice.*—A cause was referred to a master commissioner with direction to report the evidence, which he did not do, but reported his finding of the facts. The petitioner, who now seeks a mandate to compel the judge below to sign a bill of exceptions containing the evidence, made no objection to the report, but upon his motion the judge stated conclusions of law upon the facts so reported, and rendered judgment accordingly. On the first day of the next term, the finding of the master was first questioned by a motion for a new trial, which was overruled at a subsequent term, and the bill of exceptions tendered.

*Held,* that, by his motion for conclusions of law upon the facts stated in the report, the petitioner affirmed the correctness of the facts as found, and was not afterwards at liberty to question them, and so the judge could not be required to sign the bill.

Application for writ of mandamus.

*T. G. Smith* and *R. E. Smith,* for petitioners.

*J. B. Kenner* and *J. I. Dille,* for respondent.

ELLIOTT, J.—The petitioners are appellants in the case of Borchus *et al. v.* The Huntington Building and Loan Fund Association, and seek a mandate to compel the Honorable Henry B. Sayler, judge of the Huntington Circuit Court, to sign a bill of exceptions tendered him in that case.

The petition and return refer to the record in that cause, and do little more than rehearse the matters which appear of record, and these matters, so far as they bear upon the present investigation, may be thus summarized: On the 12th day of April, 1882, the cause above named was, by agreement of the parties, referred to a master commissioner, with instruction to report the evidence; at the ensuing June term the commissioner reported the facts but not the evidence; no exception was taken to the report by either party, nor was any objection whatever suggested as to the correctness of the finding of facts; but, on the contrary, the petitioners moved the court to " give its conclusions of law in writing upon the facts

found," and the plaintiff, in the case named above, moved for judgment " upon the report of the commissioner upon the facts ; " on the following day the court filed conclusions of law on.the facts found by the commissioner, and gave the plaintiff judgment ; the petitioners excepted to the conclusion of the court, but did not challenge by motion, exception, or suggestion, the correctness of the commissioner's finding upon the questions of fact ; this action was had on the 30th day of June, 1882 ; on the first day of the October term the petitioners filed a motion for a new trial, and also moved that the testimony given before the commissioner be made part of the record ; no action was taken on these motions until the March term, 1883, when they were overruled, and ninety days' time given in which to file a bill of exceptions ; within the time designated a bill containing the evidence given before the commissioner was tendered to the judge, and he refused to sign it.

It seems very plain to us that the petitioners, by failing to make any question as to the correctness of the finding of facts, by their omission to require a report of the evidence, and by their request to the court to state conclusions of law on the facts found, waived all questions as to the correctness of the commissioner's report upon the questions of fact. The course adopted was such as affirmed that the facts were correctly found and stated, and, therefore, nothing was submitted to the court, except the questions of law. It was, in effect, a concession that there was no dispute as to the facts ; it was a tacit request. to the court to assume the facts to be as found, and ascertain and apply the rules of law governing such cases. There was, no intimation that the facts were not correctly found and reported. The only facts to which the attention of the court was directed and upon which it was asked to pass, were those stated in the commissioner's report ; there was no suggestion that the court should look to the evidence to ascertain whether the facts. were correctly stated. Having, without questioning the finding of the commissioner, asked a ruling upon the facts found, and on the theory that they were correctly found, the petitioners.

are not in a situation to shift position and ask that the court shall disregard the tacit concession and review the finding of facts. If the petitioners had desired to secure a review of the finding upon the evidence, they should have excepted, or objected in some appropriate method, before moving the court to put its conclusions and judgment on the facts found.

The trial judge was not asked to examine the evidence, but was asked to apply the law to the facts found by the commissioner, and, as only such questions are reviewable as were presented to the judge, it follows that no question as to the correctness of the commissioner's finding upon the facts can be reviewed on this appeal. It is, therefore, neither necessary nor proper to encumber the record with the evidence. The appellate court must act upon the facts presented to the trial court, and these were those stated in the commissioner's report, and there is, therefore, no reason for recurring to the evidence. The petitioners have no right to ask that the trial judge shall be compelled to do a fruitless act, and such is the character of the act which it is here sought to have us compel the judge to do. Nor is a judge bound to sign a bill of exceptions setting forth evidence upon which he was never required, directly or indirectly, to pass, and on which no ruling was made by him.

Writ refused.