In the Matter of the Application of the People on the Relation of Franklin D. Sherwood for a Mandamus, Respondent, *v.* Frank Rice, as Secretary of State, Appellant.

A writ of mandamus to public officers will only be issued to compel the discharge of official duty.

A board of county canvassers, in connection with their returns of the result of an election, sent to the secretary of state a copy of a resolution passed by the board, to the effect that a candidate for the office of state senator, who the returns showed had received a majority of the votes of the county for that office, was not eligible, as appeared by certain affidavits and papers, which were also sent with the copy. Upon application of said candidate an order was granted directing the issuing of a writ of mandamus requiring said secretary to return said papers to the board of county canvassers or the county clerk or to cancel the same of record and forbidding him from permitting them to be brought before the state board of canvassers for their consideration. *Held,* error; that while the state board had no right to consider said papers, no official duty required the secretary of state to return the papers and he violated no official duty in placing them before said board; that while the writ would do no harm, it could accomplish no useful purpose, and should have been denied.

(Argued December 11, 1891; decided December 29, 1891.)

Appeal from order of the General Term of the Supreme Court in the third judicial department, made December 7, 1891, which affirmed an order of Special Term directing the issuance of a peremptory mandamus, which order is set forth in the opinion.

The relator, Franklin D. Sherwood, was a candidate for the office of state senator in the twenty-seventh senatorial district at the annual election of 1891. The board of canvassers of Steuben county, which is a part of said district, sent to the secretary of state in connection with their return certain papers, that is, a protest in writing filed by Charles E. Walker, the opposing candidate for senator in said district, together with affidavits, certificates and other papers bearing upon the question of Sherwood's eligibility, which had been transmitted to the state board of canvassers. These papers

were accompanied by a copy of the following resolution of the county board :

"*Resolved, First*, that it satisfactorily appears to this board from the protest of Charles E. Walker and the certificates, affidavits and other proofs filed therewith against the counting and certification of the votes returned by the inspectors of election of the several districts of this county as having been cast at the general election held November 3, 1891, for Franklin D. Sherwood, for the office of state senator, from the twenty-seventh senatorial district of this state, that the said Franklin D. Sherwood was, within one hundred days previous to such election, an officer under the city government of the city of Hornellsville, Steuben county, New York, and was not eligible to such office under the provisions of section 8, article 3 of the Constitution of this state ; and that knowledge and notice of the fact that said Sherwood was an officer under such city government one hundred days previous to such election, and of the constitutional provision above referred to, that he was not eligible to such office, was brought home to every elector of the county voting for said Sherwood.

"*Second.* That while this board is satisfied that the votes thus cast for the said Sherwood, in this county, were void and ineffectual for any purpose, as if they had, in fact, been blank ballots ; yet the power of this board seems to be limited by sections 7, 8 and 9 of article 1, title 5 of chapter 130 of the Laws of 1842, to the making of a certified statement of the whole number of votes given in each town and election district of this county for the office of senator, and the names of the candidates and the number of votes given to each ; which is to be transmitted to the state board of canvassers for final action ; and that this board do, therefore, attach to such certified statement the said protest, certificates, affidavits and other proofs, and make the same a part thereof, and direct the same to be transmitted with such certified statement or certified copies thereof, to the state board of canvassers for their consideration and for such action thereon as they may deem lawful and proper.

"*Third*. That the chairman of this board transmit to the state board of canvassers a duplicate of these resolutions, with a duplicate of such protest, certificates, affidavits and other proofs."

The relator obtained an order requiring the board of county canvassers to reconvene, rescind and revoke said resolution, which order was obeyed.

*Isaac II. Maynard* and *Delos McCurdy* for appellant.

*Wm. A. Sutherland, Joseph II. Choate, Matthew Hale, J. F. Parkhurst* and *Eugene Burlingame* for respondent. The writ properly issued against the secretary of state commanding him to deliver up the Sherwood resolutions. (*LaGrange* v. *Treasurer*, 24 Mich. 468 ; *People ex rel. Eden Musee* v. *Carr*, 36 Hun, 488.)

EARL, J.   In this case the following order for a peremptory mandamus was made at a Special Term of the Supreme Court and affirmed at the General Term :

"It is ordered that a writ of peremptory mandamus issue out of and under the seal of this court requiring the said Frank Rice, as secretary of state, forthwith to return to the board of canvassers of the county of Steuben, or to the county clerk of said county of Steuben, the copy of a resolution passed by said board November 10, 1891, and by said board of county canvassers transmitted to said secretary of state, together with the protest, affidavits, certificates and proofs therein referred to, now on file or in the possession of the said Frank Rice, as secretary of state, or to cancel the same of record ; and requiring the said Frank Rice, as secretary of state, to abstain and refrain from permitting the said papers hereinbefore referred to as sent to said secretary by the chairman of the board of canvassers of Steuben county, to be brought before the state board of canvassers for their consideration, and from placing before the said board any papers, certificates,

resolution, affidavit or proof, other than the certified copies of the statements made by the said boards of county canvassers of the counties of Steuben, Chemung and Allegany, respectively, in accordance with the statute."

This is an extraordinary order. What possible official duty did the secretary of state have to return to the county of Steuben the papers mentioned in the order? They did not belong to the county canvassers or the county clerk of Steuben county, and were not official papers. And what right did the relator have that they should be returned? The secretary of state might burn or otherwise destroy them, without violating the rights of any person. While the state board of canvassers have no right to consider these papers or to act upon them, what possible harm could be done by bringing them before the board? It is true, as we have held, that the board have no right to consider these papers. But what official duty does the secretary of state violate when he places papers, sent to him for that purpose, before the board and permits them to look into them? And what official duty do the members of the board violate, if they look into the papers, and even consider them, and then disregard them, uninfluenced by their contents as in duty bound? It is possible and quite probable that a mandamus issued in pursuance of this order would do no harm. But as it can accomplish no useful purpose, and could be issued only to compel the discharge of official duty, for fear that it may form a precedent, I think the orders of the General and Special Terms should be reversed, and the application for a mandamus denied.

All concur, Andrews and Finch, JJ., in result.

Orders reversed.