THE STATE, EX REL. REPP ET AL. *v.* COX, JUDGE OF THE MIAMI CIRCUIT COURT.

[No. 19,316.   Filed December 14, 1900.]

MANDAMUS.— *Bill of Exceptions.— Presumption.*— In an action in mandamus to require a trial judge to sign a bill of exceptions tendered him, all presumptions are in favor of the action of the court,

State, *ex rel.*, *v.* Cox.

and, in the absence of the evidence given at the hearing of the motion, it will be presumed that the action of the trial court was correct. *pp. 594, 595.*

EVIDENCE.—*Offer to Prove.*—*Review.*—In order to present any question as to the ruling of the court in sustaining an objection to a question propounded to a witness, a statement of the evidence which the witness will give in answer to the question must be made. *p. 596.*

SAME.—*Exception.*—*Offer to Prove.*—No question is presented on the ruling of the court in excluding evidence where the offer to prove was not made until after the objection was made and sustained. *p. 596.*

MANDAMUS.—*Bill of Exceptions.*—*Defects.*—An action will not lie to compel the judge of a trial court to sign a bill of exceptions, where it is apparent from the bill that it cannot benefit the person applying for it, or would be useless if signed. *p. 597.*

From the Miami Circuit Court. *Application for writ of Mandamus denied.*

*E. S. Morris,* for relator.

*W. C. Bailey* and *C. A. Cole,* for respondent.

MONKS, J.—The relators are appellants in the case of Sarah A. Repp, *et al.,* v. Sarah K. Lesher, *et al.,* pending in this court, and seek by mandate to compel the Hon. Jabez T. Cox, judge of the Miami Circuit Court, to sign a bill of exceptions tendered to him in that case.

It appears from the petition and return that the motion for a new trial in said cause was overruled on October 22, 1898, and ninety days given in which to file a bill of exceptions, and on January 17, 1899, the relators who were the plaintiffs in said action tendered said judge a bill of exceptions, and asked that the same be signed and made a part of the record. The date of the presentation was stated in the bill. Said judge was at that time engaged in the trial of a cause and had not the time to examine said bill, and suggested to counsel for relators, that he submit the same to the attorneys representing the other side in said cause, and that said counsel then took said bill of exceptions away from the court room. Said judge did not again see said bill of exceptions, nor did any one ask him to sign said

bill, until about the 12th day of October, 1899. That long after said bill of exceptions had been presented to the judge, and taken away by counsel for the relators, said counsel discovered that said bill was not correct, and on October 12, 1899, filed and presented a written motion and affidavit praying that said bill be corrected, signed, and made a part of the record. Notice of said motion was served upon the attorneys of the defendants in said cause. Said motion was heard and overruled by the court on the 20th day of October 1899, and among the reasons given therefor was "that, considering all the evidence given, it was clearly shown that appellants had used no diligence in preparing and presenting a correct bill of exceptions, and that the effect of permitting the additions asked for would be in effect extending the time for filing said bill many months beyond the time given, which the court had no power to do."

It is said in High on Ex. Leg. Rem. §204: "Whether there has been such laches and delay as to justify a court in refusing to settle the bill is a judicial question, to be determined upon the facts shown to the court before which the cause was tried, and its decision upon this question will not be controlled by mandamus, in the absence of any abuse of judicial discretion." See, also, 13 Ency. Pl. & Pr. 583, 584.

All presumptions are in favor of the correctness of the action of the trial court, whether or not the evidence given at the hearing of said motion shows an abuse of judicial discretion on the part of the trial court in reference to the bill we cannot say, for the reason that the same is not before us. In the absence of the evidence, we must presume that the action of the trial court was correct.

There is another reason why the application for a mandate must be denied. The bill of exceptions tendered to the judge, and the motion to correct the same, made on October 21, 1899, which are made a part of the application in this case, show that the action of the court in sustaining

objections to the testimony of three of the plaintiff's witnesses in said action, were the only rulings of the court sought to be made a part of the record by said bill as asked to be corrected by said motion.  Martin Lesher, one of the plaintiffs in said action, and a relator in this, was called as a witness to testify in behalf of the plaintiffs, and it was disclosed by his examination that he was a son of John Lesher, deceased.  Counsel for plaintiffs propounded a question to him in regard to a matter which occurred in the lifetime of his said father, to which counsel for the defendants objected, on the ground that the "action was by heirs involving a contract made by their ancestor, and under the statute, the witness is not competent to testify to any matter which occurred previous to the death of his ancestor"; which objection was sustained by the court, and plaintiffs excepted.  No statement was made by counsel for plaintiffs, what they proposed to prove by said witness in answer to said question.  Sarah A. Repp, a plaintiff in said action and a relator in this, was also called as a witness on behalf of plaintiffs, and a similar question propounded to her, and a like objection made and sustained.  No offer to prove was made.

It is settled that when a question is objected to or a witness challenged as incompetent, in order to present any question for review, a statement of the evidence which the witness will give in answer to said question must be made. Sustaining the objection to the competency of said witness, even if the witness is competent, was not harmful or prejudicial to the relators, unless the testimony of the witness in answer to said question would have been competent and material.  This could only be disclosed, if at all, by an offer to prove.  Elliott's App. Proc. §§742, 743; 2 Elliott's Gen. Prac. §587.

The husband of another plaintiff in said action and a relator in this was called as a witness for plaintiffs, and a question propounded to him in regard to matters which

occurred prior to the death of John Lesher, his wife's father, to which counsel for defendants made a like objection, as in the case of the other witnesses named, which was sustained by the court. Then followed an offer to prove, to which the court sustained an objection.

That no question is presented by such procedure is well settled. *Wilson* v. *Carrico, ante,* 570; *Mark* v. *North, Adm., ante,* 575; *Gardner* v. *Tibbits,* 153 Ind. 591, 607, 608; *Shenkenberger* v. *State,* 154 Ind. 630, 634, 635; *Siple* v. *State,* 154 Ind. 647, 651, 652; *Deal* v. *State,* 140 Ind. 354, 371, 372; *Judy* v. *Citizen,* 101 Ind. 18, 22.

It is evident, therefore, that if the trial judge should sign said bill as originally presented or as requested in the motion to correct the same, it would be of no benefit to the relators. Said bill, if signed, would not show any reversible error, or present any questions for review, in the case of Repp, *et al.,* v. Lesher, *et al.,* pending in this court. It is settled that mandamus will not lie when it is apparent from the bill that it cannot benefit the persons applying for it, or when it would be useless if signed. *Borchus* v. *Sayler,* 90 Ind. 439; High on Ex. Leg. Rem., §§14, 204a, 246; *Pitts* v. *Hall,* 60 Ga. 389; *People* v. *Rice,* 129 N. Y. 391, 29 N. E. 355; *Taylor* v. *McPheters,* 111 Mass. 351; *Faust* v. *Calhoun Circuit Judge,* 30 Mich. 266; *Tennant* v. *Crocker,* 85 Mich. 328, 48 N. W. 577; *Clark* v. *Crane,* 57 Cal. 629, 29 Pac. 241; *James* v. *Superior Court,* 78 Cal. 107; *Lake* v. *King,* 16 Nev. 215, 217; *People* v. *Smith,* 51 Ill. 177; 13 Ency. Pl. & Pr. 578, 579.

The writ is therefore denied.