## Toner et al. *v.* Wagner, Administrator.

[No. 19,812.     Filed May 1, 1902.]

Executors and Administrators. —*Action by Administrator.* — *Complaint.*—*Demurrer.* —In an action by an administrator on a note made payable to decedent, a demurrer for want of facts raises the question as to whether it sufficiently appears from the complaint that the plaintiff is suing in his representative capacity. *p. 449.*

Same.—*Action by Administrator.*—*Complaint.*—In an action by an administrator on a note made payable to his decedent, a complaint is sufficient, as against a demurrer for want of facts, which complaint in its title and the body thereof designates plaintiff as

Toner *v.* Wagner.

administrator of decedent, though the complaint contains no allegation of decedent's death and the issuing of letters to plaintiff. *pp. 449-451.*

BILLS AND NOTES.—*Words on Face Indicating Payment.—Presumption.* —The fact that a note sued on by an administrator of the estate of payee has stamped upon it: "Kewanna Bank, March 8, 1897, paid Kewanna, Indiana," does not raise the presumption of the payment of the note to intestate or to the administrator. *pp. 451-453.*

TRIAL.—*Offer to Prove.—Incompetency of Witness.*—An offer to prove after an objection to the witness' competency to testify has been sustained, comes too late. *pp. 453, 454.*

WITNESSES.—*Incompetency in Action by Administrator.—Assignments.*— In an action by an administrator on a note made payable to decedent, the son of the deceased was incompetent, under §510 Burns 1901, to testify that decedent had transferred the note to him, and he had assigned it to defendants to apply on his indebtedness to them. *p. 454.*

From Marshall Circuit Court; *C. P. Drummond*, Special Judge.

Action on note by Frank L. Wagner, administrator of the estate of Jane Brunk, deceased, against Edward Toner and another. From a judgment for plaintiff, defendants appeal. Transferred from the Appellate Court, under §1337u Burns 1901. *Affirmed.*

*I. Conner, J. Rowley, C. Kellison* and *J. G. Williams,* for appellants.

*E. Myers, G. W. Holman* and *R. C. Stephenson,* for appellee.

DOWLING, J.—The appellee, as administrator of the estate of Jane Brunk, deceased, sued the appellants Edward Toner and Albert D. Toner, Sr., upon a promissory note for $1,998.88, dated October 10, 1887, and payable one year thereafter to the said Jane Brunk. The action was brought in the Fulton Circuit Court, and the venue was subsequently changed to Marshall county. A demurrer to the complaint was overruled, and an answer filed consisting of a plea of payment and a general denial. A reply in denial of the answer of payment was filed. The cause was tried by the

court, and a finding made in favor of the appellee, and, over a motion for a new trial, judgment was rendered on the finding. The rulings of the court on the demurrer and on the motion for a new trial are assigned for error.

The objections taken by appellants to the complaint were that it did not aver that Jane Brunk was dead, nor that the appellee was the administrator of her estate. Counsel for appellants say that the words, "administrator of the estate of Jane Brunk, deceased," in the title of the cause and in the body of the complaint, are merely *descriptio personae,* and are not equivalent to an allegation that letters of administration upon the estate of the said Jane Brunk were issued to the said Wagner.

The ground of appellants' demurrer was that the complaint did not state facts sufficient to constitute a cause of action. The appellee insists that, where this cause is assigned, the objection that the complaint does not show that the plaintiff sues in a representative capacity is not available, and that, to raise the question discussed by counsel for appellants, the demurrer should have challenged the legal capacity of the plaintiff to sue. §§342, 2447 Burns 1901; *Nolte* v. *Libbert,* 34 Ind. 163; *Hansford* v. *VanAuken,* 79 Ind. 157, 160.

But the point made against the complaint is not that the plaintiff had not the legal capacity to sue, but that it did not show that the plaintiff was the administrator of the estate. In other words, appellants admit that, if it was shown that the plaintiff below was the administrator of the estate of Jane Brunk, then he had the legal capacity to sue, but that, as the plaintiff was not shown to be an administrator at all, and that as he sues in his personal capacity to collect a debt due an estate, the complaint does not show a right of action in him, but in an administrator of such estate. This question is properly presented by a demurrer for want of facts. *Coddington* v. *Canaday,* 157 Ind. 243.

The title of the cause and the commencement of the complaint are as follows: "Frank L. Wagner, Administrator of the Estate of Jane Brunk, deceased, v. Edward Toner and Albert D. Toner, Sr. The plaintiff in the above entitled cause, as administrator of the estate of Jane Brunk, deceased, complains," etc.

We are asked by counsel for appellants to disregard the words "as administrator of the estate of Jane Brunk, deceased," in the body of the complaint, and to construe that pleading as if the action were brought in the name of Frank L. Wagner alone, with no designation of the character in which he sues, and with no indication of his connection with the note sued upon. This we do not feel authorized to do. The statutory rule requires that a liberal construction shall be given to the pleadings in civil causes, with a view to substantial justice between the parties. §379 Burns 1901. A somewhat similar objection was taken to the complaint in *Durham* v. *Hudson,* 4 Ind. 501, and the court said: "The counts all show plainly enough that the plaintiff was suing as administrator, and the proper judgment was rendered. We shall not disturb the judgment on this ground."

In *Kelley* v. *Love,* 35 Ind. 106, the plaintiff was described as "Executor of Oliver H. Smith's estate," and in the body of the complaint he was styled "executor of the last will of Oliver H. Smith." The court said: "The first point made is that the complaint does not allege the death of Smith, and that Love had been appointed the executor of his will. We think these facts sufficiently appear. It is true that they might have been, and perhaps, generally are, alleged in a more direct manner than in this case." See, also, *Hansford* v. *VanAuken,* 79 Ind. 157, 158, 160, and *Hansford* v. *VanAuken,* 79 Ind. 302, 304, in which *Kelley* v. *Love, supra,* is cited.

A formal allegation of the death of Mrs. Brunk, and of the issuing of letters of administration upon her estate to

the person named as administrator, would have been more in accordance with the rules of good pleading and with approved precedents than the form of averment adopted; but, under the liberal provisions of the civil code, as interpreted and applied by this court, the complaint must be held sufficient. While there is some diversity of opinion as to the necessity of such allegations of the death of the intestate and the appointment of the administrator or executor, the tendency of the courts is toward a relaxation of the strictness of the common law rules of pleading, and it is now generally held that no formal words are essential to show the representative character in which the plaintiff sues. *Lucas* v. *Pittman,* 94 Ala. 616, 10 South. 603; *Cordier* v. *Thompson,* 8 Daly (N. Y.) 172; *Beers* v. *Shannon,* 73 N. Y. 292; *Chamberlain* v. *Tiner,* 31 Minn. 371, 18 N. W. 97. It may also be observed that the statute expressly dispenses with profert of the letters of administration, and requires that any denial of the right of the alleged administrator to sue shall be made under oath. §2447 Burns 1901.

In the present case no one could be misled by the title of the cause, or by the averments in the body of the complaint as to the character in which the plaintiff sued, his title to the note, or that the payee of the note was dead. But, even if there had been any merit in these objections to the form of the complaint, the defects complained of were effectually cured by the admission of record by the appellants that Jane Brunk had died intestate, and that the plaintiff, Frank L. Wagner, was the duly appointed and acting administrator of her estate.

2. It is contended that a new trial should have been granted for the reason that the court permitted the appellee to give in evidence a note which had stamped upon its face the words and figures, "Kewanna Bank, March 8, 1897, paid Kewanna, Indiana," which words and figures did not appear in the copy of the note filed as an exhibit. It is insisted that the evidence was inadmissible on account of its

variance from the copy of the note filed with the pleadings, and because the words and figures so stamped on the face of the note indicated that it had been paid and canceled. This view of the evidence does not commend itself to us. The note, by its terms, was payable to Jane Brunk. It was in the possession of her administrator. It had not been indorsed or assigned by her to any one. Nothing in the stamping indicated that the sum named in the note had been paid to the decedent, or to her legal representative. For all that appeared, the Kewanna Bank was a stranger to the instrument, without authority to collect it, to make any memorandum upon it, or to cancel it. No presumption of payment of the note to the intestate or to her administrator was authorized by the words and figures stamped upon it. There was no alteration or mutilation of the instrument sued on which would defeat its operation. The signatures of the makers were not erased or destroyed, nor was any change made in any part of the note. For these reasons the inscription required no explanation from the plaintiff. *Stoner* v. *Ellis,* 6 Ind. 152, 160, 161. The act of a stranger in defacing or altering a writing is held to be a mere spoliation or mutilation of the instrument not changing its legal operation. *Cochran* v. *Nebeker,* 48 Ind. 459, 462, 463; 2 Greenl. Ev., §§565, 566; Chitty Con. 1169.

It was shown by the evidence introduced by the appellant that Joseph Brunk, a son of the intestate, who had obtained possession of the note, left it at the bank of the appellant Albert D. Toner, to whom he was largely indebted, and that, after his mother's death, he offered to become responsible to the heirs or estate for the amount due on the note, but that his offer was rejected. The Toners never paid the note to Mrs. Brunk, but it appeared that her son Joseph attempted to use it in settling his indebtedness to the said Albert D. Toner, and that its amount had been credited by Toner on his claim against the said Joseph Brunk. The latter was permitted to take the note away from the bank after it had

been stamped. It further appeared from the testimony of Joseph Brunk that he had borrowed the note from his mother, but that he afterwards took it back to her at her request. Mrs. Brunk was old, and could neither read nor write. The cashier of the Kewanna bank testified that the note was placed in the custody of the bank for safe-keeping by Joseph Brunk, and was afterwards taken away by him. This witness also stated that Joseph Brunk had the note at the grain elevator March 8, 1897; that Brunk gave it to A. D. Toner, and said it was paid; and that Toner directed the witness to go to the bank with Brunk, and leave the note there so that he could have it to refer to in settling with his brother, Edward Toner; that Brunk then said that he would need the note in his settlement with his folks; that Brunk took the note to the bank, and requested the witness to stamp it as paid, which was done; that, after being so stamped, it was kept for reference by either Brunk or Toner; that it remained in the bank until after the death of Mrs. Jane Brunk, when Joseph Brunk took it away; that Mrs. Brunk never was at the bank; and that witness had no conversation with her about the note.

Peter Brunk, another son of Jane Brunk, testified for appellants that the note was taken to Kewanna to enter upon it a credit of $600 for what was called the Marmont lot, said lot having been conveyed to the decedent in part payment of said note; that his mother knew that the note was at Kewanna; and that Toner was supposed to keep the note, or that Joseph had it.

The appellants also called the said Joseph Brunk, as a witness, and asked him the following question: "Now you may state, Mr. Brunk, what if anything your mother said to you in reference to the use of this note, or the proceeds of the note in suit?" The question was objected to by the appellee on the ground that the witness was incompetent, under the statute, to testify concerning the matters inquired about, and the court sustained the objection. After this de-

cision had been made, the appellants stated what they expected to prove by the witness. The offer to prove came too late. *Gunder* v. *Tibbits,* 153 Ind. 591, and cases cited. And this is the rule as well where the objection is to the competency of the witness as when it goes to the admissibility of the evidence. *State, ex rel.,* v. *Cox,* 155 Ind. 593, 596. Had the offer to prove been made at the right time, and were the question properly before us, the appellants could derive no benefit from it. The decision of the court that Joseph Brunk was incompetent to testify to the supposed transfer of the note by his mother to him and by him to Toner was correct. The legal effect of this testimony was that Joseph Brunk, the witness, stood in the relation of an assignor or vendor of the note to Toner. His interests, therefore, were clearly adverse to the estate. The purpose and effect of his testimony were to deprive the estate of its property in the note, and to prove that he, by the supposed arrangement with his mother, had become its owner. The statute expressly declares such assignor or grantor an adverse party to the administrator or executor, and incompetent as a witness. §510 Burns 1901.

None of the reasons for a new trial was sufficient in law, and the motion was properly overruled.

We find no error in the record. Judgment affirmed.