## MANNIX ET AL. *v.* COOPER.

[No. 9,410. Filed December 14, 1917.]

APPEAL.—*Presenting Questions for Review.—Exclusion of Evidence. —Necessity of Offer to Prove.*—Exclusion of evidence presents no question for review where there was no offer to prove, and no statement by appellant respecting what was sought to be proved by the witness or what evidence he would give in response to the question propounded.

From Marion Superior Court (96,318); *Theophilus J. Moll*, Judge.

Action by Howard C. Cooper against Michael·J. Mannix and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Rochford & Quigley,* for appellants.

*McDonald & White* and *B. F. Watson,* for appellee.

CALDWELL, J.—On September 30, 1914, appellant, James Mannix, was operating an automobile along Washington boulevard in the city of Indianapolis. At the same time, appellee was operating a motorcycle along Thirty-eighth street. The two vehicles collided at the intersection of the two streets, whereby appellee was injured. He brought this action to recover for such injuries, charging that they were caused by the negligence of appellants. A trial resulted in a verdict and judgment against both appellants for $450.

Appellants present as the sole alleged error the exclusion of certain offered testimony. The facts are as follows: Appellants presented as a witness Clarence R. Strickland, who testified in part substantially as follows: That he was a practicing physician of a number of years' experience; that he was called to the scene of the accident shortly after it occurred; that he found there a man identified by him as appellee, and that he had been injured by being hit by an automobile; that he examined appellee. He was then asked to state what he discovered by such examination. Upon appellee's objection that the witness was incompetent and the evidence sought was privileged, the testimony was excluded. There was no offer to prove, and no statement made by appellants respecting what was sought to be proved by such witness or what evidence the witness would give in response to such question. Under such cir-

cumstances no question is presented for our consideration. *State, ex rel.* v. *Cox* (1900), 155 Ind. 593, 58 N. E. 849; *Toner* v. *Wagner* (1901), 158 Ind. 447, 63 N. E. 859; *Indianapolis, etc., Transit Co.* v. *Hall* (1905), 165 Ind. 557, 76 N. E. 242.

Judgment affirmed.

NOTE.—Reported in 117 N. E. 932.