IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1918, IN THE ONE
HUNDRED SECOND AND ONE HUNDRED THIRD
YEARS OF THE STATE.

---

## BECK ET AL. v. MILLER.

[No. 9,553. Filed December 17, 1918.]

1. ADVERSE POSSESSION.—*Evidence.*—*Sufficiency.*—In a suit to quiet
title, where plaintiff in his complaint based his claim to title on
adverse possession, evidence consisting of a deed purporting to
convey to plaintiff grantor's interest in the land involved, but
with nothing in evidence to show that such grantor had any title
or that he was in possession at the time of the conveyance or at
any time previous thereto, and a judgment rendered against such
grantor's guardian in an action against plaintiff to have such
deed set aside on the ground of fraud, is insufficient to prove the
cause of action stated in the complaint. p. 3.

2. QUIETING TITLE.—*Derivation of Title from Common Grantor.*—
*Proof of Grantor's Title.*—The rule that, where parties to an
action to quiet title claim through a common source of title, it is
*prima facie* sufficient to prove the derivation of title from the
common grantor without proving the latter's title, has no appli-
cation where defendants tender no pleading in which they claim
title, filing merely an answer of general denial to a complaint
based on the theory of adverse possession, and no evidence was
received from them affecting title or possession. p. 5.

3. QUIETING TITLE.—*Burden of Proving Title.*—*Statute.*—In an
action to quiet title, the failure of defendants to show title did
not relieve plaintiff of the burden of proving his own title, which
he assumed under §1103 Burns 1914, §1057 R. S. 1881, when he
brought defendants into court to defend against his claim of
title. p. 5.

4. APPEAL.—*Reservation of Grounds of Review.—Exclusion of Evidence.—Offer to Prove.*—No question is presented for review on appeal by grounds in a motion for new trial predicating error on the exclusion of evidence, where defendants made no offer to prove. p. 6.

From Boone Circuit Court; *Willett H. Parr,* Judge.

Action by Ollie Miller against Leander Beck and others. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*Jesse Neff.* and *Kent & Ryan,* for appellants.
*A. J. Shelby* and *Ira M. Sharp,* for appellee.

HOTTEL, J.—Appellee filed in the circuit court of Boone county a complaint in one paragraph in which he alleges that "he is the owner and in possession of" a 41.72-acre tract of land located in said county and particularly described; that he "and his immediate and remote grantors have held the open, exclusive, continuous, adverse possession of said real estate under a claim of ownership for more than fifty years immediately last past." The complaint also contains the other averments and prayer usual and common in suits to quiet title.

The defendants not defaulted, the appellants here, filed an answer in general denial. Upon the issues thus formed, there was a trial by the court and a general finding for appellee "that the material averments of his complaint are true; that he is the owner in fee simple and in possession of the following described real estate * * * that he and his immediate and remote grantors have held the open, exclusive, continuous, adverse possession of said real estate under a claim of ownership for more than fifty years immediately last past," and that defendants are

claiming title, etc. Judgment was rendered in accordance with the finding quieting appellee's title in and to said real estate.

The appellants filed a separate and several motion for new trial, which was overruled. This ruling was excepted to by the appellants and is here assigned as error and relied on for reversal. The first ground of said motion challenges the sufficiency of the evidence to sustain the decision of the trial court.

The evidence introduced by appellee consisted of a deed and certain papers in case No. 4030 in the Boone Circuit Court, entitled John Brownlee, 1. Guardian of Daniel Abernathy, v. Ollie Miller.

The deed read in evidence bears date of February 20, 1907, recorded February 23, 1907, and contains recitals of conveyance in the following words:

> "This Indenture Witnesseth, that Daniel Abernathy unmarried of Boone County, in the State of Indiana, Convey and Warrant, to Ollie Miller of Boone County in the State of Indiana, for the sum of eight hundred dollars, the receipt of which is hereby acknowledged, all his right, title and interest in and to the following real estate in Boone County, in the State of Indiana, to wit:"

Here follows a description of the land described in the complaint, finding and judgment.

The papers read in evidence, indicated *supra,* consisted of a complaint in said cause No. 4030, filed May 28, 1910, in which the plaintiff as said guardian of Abernathy sought to set aside the deed made by him to said Miller upon the ground that it was fraudulently procured and to recover the rents and profits of

said real estate. The summons in said proceeding and the judgment rendered therein were also introduced, the latter being in appellee's favor, viz., that the plaintiff's guardian take nothing by his action, etc.

Upon the introduction of this evidence appellee rested his case. It will be observed that the appellee in his complaint based his title to said land on adverse possession. The deed, *supra,* purports to convey only the right, title and interest held by the grantor Abernathy. There is nothing in the evidence, *supra,* to show what title he had, or that he in fact had any title, nor is there any evidence to show that such grantor was in possession of said land at the time he conveyed the same, or at any time previous thereto. Indeed, there is no evidence on the subject of possession, unless certain averments in said complaint read in evidence to the effect that Abernathy on February 20, 1907, and for many years prior thereto, was the owner of said real estate, and being so seized and possessed of said real estate and being old, infirm and partially blind and of unsound mind, the defendant Ollie Miller fraudulently taking advantage thereof procured him to sign, etc., might be so treated. However, if said averments could be treated as any evidence of possession by appellee and his grantor, a thing we do not decide, they fall short of supplying the proof necessary under the statute and decided cases to show possession for the period necessary to create title (§295, cl. 6, Burns 1914, §293 R. S. 1881, and cases cited in foot note), and hence are insufficient to prove the cause of action stated by appellee in his complaint.

Appellee apparently recognizes that he has failed

to prove title in his grantor, but seeks to invoke the rule that, where the parties claim through a

2. common source of title, it is *prima facie* sufficient to prove the derivation of title from the common grantor without proving his title. *Pierson* v. *Doe* (1850), 2 Ind. 123; *Wilson* v. *Peelle* (1881), 78 Ind. 384, 388; *McWhorter* v. *Heltzell* (1890), 124 Ind. 129, 131, 24 N. E. 743; *Muncie Electric Light Co.* v. *Joliff* (1915), 59 Ind. App. 349, 109 N. E. 433; *Howard* v. *Twibell* (1913), 179 Ind. 67, 69, 100 N. E. 372, Ann. Cas. 1915C 93.

Neither the issues of law nor those of fact in the instant case make a case to which this rule is applicable. Appellants have tendered no pleading in which they claim title to said real estate. They were brought into court to answer appellee's claim of title by adverse possession, and to this claim they filed a general denial. They offered in evidence some deeds which, because of objections made by appellee, were excluded, and hence are no part of the evidence in the case. There was no other evidence offered by appellants affecting the question of title or possession. It follows that, not only are the issues of law silent, but the evidence is likewise silent upon the subject of the source of appellants' claim of title, if any, and hence appellee cannot be aided by said rule which he seeks to invoke.

The failure of appellants to show title did not relieve appellee of the burden which he assumed when he brought the appellants into court to defend

3. against his claim of title. §1103 Burns 1914, §1057 R. S. 1881; *Green* v. *Glynn* (1880), 71 Ind. 336; *Johnson* v. *Pontious* (1889), 118 Ind. 270, 20 N. E. 792.

The motion for new trial contains several grounds predicated upon alleged error in the admission and exclusion of evidence. Important among these grounds are those relating to the exclusion of the evidence of the several appellants on the ground that they were incompetent to testify to anything that occurred during the life of the deceased Abernathy. In neither instance did appellants make any offer to prove. It follows that no question is presented by either of these grounds of said motion. *Toner* v. *Wagner* (1902), 158 Ind. 447, 454, 63 N. E. 859; *State, ex rel.* v. *Cox* (1900), 155 Ind. 593, 596, 58 N. E. 849; *Mannix* v. *Cooper* (1917), 66 Ind. App. 226, 117 N. E. 932. However, as pertinent to the question of the admission of this evidence we deem it proper to say that the following cases and those cited and referred to therein will be found instructive. *Snyder* v. *Frank* (1913), 53 Ind. App. 301, 101 N. E. 684, 687; *Friebe* v. *Elder* (1913), (Ind. App.) 103 N. E. 429, 432; id. 181 Ind. 597, 105 N. E. 151.

The conclusion reached makes it unnecessary to consider or determine the other questions presented by said motion. Because of the insufficiency of the evidence in the respect indicated, reversible error resulted from the overruling of appellants' motion for a new trial, and the judgment below is therefore reversed, with instructions to the trial court to grant a new trial, and for such other proceedings as may be consistent with this opinion.