Judy v. Citizen.

---

No. 11,691.

## JUDY v. CITIZEN.

REAL ESTATE.—*Forcible Entry and Detainer.*—*Peaceable Possession.*—*Claim of Right.*—*Restitution.*—*Damages.*—Under section 5237, R. S. 1881, one who, while in the actual peaceable possession of real estate under a claim of right, has been forcibly evicted by the owner, and possession forcibly detained from him, can maintain an action for restitution and damages.

EVIDENCE.—*Refusal to Admit Testimony of Witnesses.*—*Practice.*—Questions upon the refusal to admit evidence from a witness can only be saved by propounding to the witness some pertinent question, and, upon objection made, stating to the court, as it may direct, the testimony which such witness would give in answer thereto.

From the Warren Circuit Court.

*T. F. Davidson* and *W. B. Durborrow*, for appellant.

*J. McCabe* and *E. F. McCabe*, for appellee.

MITCHELL, J.—The question to be determined in this case involves the right of the owner of real property to take possession of it by force, against another who is in the peaceable possession of it without any other right except such as results from his actual peaceable possession, under a claim of right.

The complaint averred that on the 6th day of March, 1884, the plaintiff, Citizen, was in the lawful and peaceable possession of a certain ten-acre tract of land in Warren county, which had upon it a dwelling-house which he was occupying with his family as tenant from year to year, when it is alleged that defendant Judy, accompanied by four others, with force and violence entered, and with threats and menaces evicted the

plaintiff from the premises, and put his goods in the highway, and that he continues to detain the possession from plaintiff by force.

It is argued that the court erred in overruling a demurrer to this complaint, for the reason that it is not averred in the complaint, that the plaintiff had any right to the possession of the premises from which he was evicted in the manner described, and the defendant relies upon *Archey* v. *Knight,* 61 Ind. 311. It was there said that "It is only one 'having right to possession' of the lands in dispute who can maintain an action of forcible entry and detainer." It was also said in that case, that the action of forcible entry and detainer was not intended to try the title to lands, and that the plaintiff must prove he was in possession of the land before the forcible entry.

Adhering to what was said in the case relied on, it still remains to be determined, whether one having peaceable possession under a claim of right, has not also such "right to possession," within the meaning of section 5237, R. S. 1881, as will entitle him by the remedy there provided to be restored to the possession from which he has been deprived by force. By this section it is provided: "Any person who shall make unlawful or forcible entry into lands, and shall either peaceably or forcibly detain the same against any person having right to possession thereof, * * * may be ousted from such premises, and the possession thereof restored to the person entitled to the same, and damages for retention recovered on complaint by him made, in the same manner as provided in the case of tenants holding over."

By the common law of England prior to the enactment of the statute 5 Ric. II. 8, it was allowable to every person who was the owner of lands or tenements of which he was disseized, to regain possession by force, and without the aid of the law. "But," in the language of Sir William Blackstone, "this being found very prejudicial to the public peace, it was thought necessary by several statutes to restrain.

all persons from the use of such violent methods, even of doing themselves justice; and much more if they have no justice in their claim. So that the entry now allowed by law is a peaceable one; that forbidden is such as is carried on and maintained with force, with violence, and unusual weapons." 4 Black. Com., p. 148. This same commentator says, book 3, p. 179: " In case of deforcement, also, where the deforciant had originally a lawful possession of the land, but now detains it wrongfully, he still continues to have the presumptive *prima facie* evidence of right, that is, possession lawfully gained. Which possession shall not be overturned by the mere entry of another, but only by the demandant's showing a better right in a course of law." It will also be found on examination, that by the several statutes passed in England, it became the duty of the king's justices, on complaint of a forcible entry, to make inquiry concerning the same, and upon conviction to commit the offender " without inquiring into the merits of the title." This is substantially the purpose of the statute above set out, and where one is in the actual peaceable possession of lands, under a claim of right, such possession of itself gives him, as against any person entering or seeking to enter by force, upon a possession so had, the right to possession.

The statute providing a remedy for a forcible entry was designed to protect persons in the actual peaceable possession of premises, under a claim of right, from forcible eviction or unlawful invasion, whether such claim might in the end turn out to be well founded or not. Cooley Torts, 323.

Where a person is thus in actual peaceable possession, and such possession is forcibly and violently invaded, even though it be by the owner, who in the end has the right of possession, such person is entitled to the remedy provided by this statute. In such case, proof of actual, exclusive, peaceable possession under a claim of right will support the " right to possession," and entitle the person evicted to restitution.

Judy *v.* Citizen.

" Presumptively, a peaceable possession is always rightful." Cooley Torts, 326. If this is not the proper construction of the statute, then every tenant holding over, and every other person in actual possession, whose claim turns out not to be well founded, would be at the mercy of the landlord or other person having the better legal right, and might be expelled with whatever violence the owner might reasonably think fit to employ, thus substituting force and violence in the place of the orderly methods of the law. To prevent this was, as we have seen, the very purpose for which the forcible entry and detainer act was first enacted. Under this statute, the possession can not be changed against the person who actually has it, under claim of right, without the intervention of legal procedure.

It is suggested in argument that this view of the subject would expose the owner of a house to the inconvenience and delay of resorting to the tedious process of the courts to remove an intruder who should enter during his temporary absence from home. To this it may be said that the possession of the owner or rightful occupant continues in contemplation of law as well during his temporary absence as during his presence, and the entry of another during such absence does not divest the rightful possession of the owner or occupant, or give an intruder peaceable possession. A mere intruder upon the possession of another can not be in peaceable possession under a claim of right, nor would the intrusion of one upon the possession of another fall within the right to possession which the statute recognizes. In this case, it is averred that the plaintiff was in " the lawful and peaceable possession " of the premises in dispute, occupying it with his family as tenant from year to year. This indicates his possession and claim of right, and, whether well founded or not, it was sufficient as against a forcible eviction. *Olinger* v. *Shepherd,* 12 Grat. 462, 472; *Doty* v. *Burdick,* 83 Ill. 473; *Emsley* v. *Bennett,* 37 Iowa, 15; *Emerson* v. *Sturgeon,* 59 Mo.

404; *Mitchell* v. *Davis*, 23 Cal. 381; *Warren* v. *Ritter*, 11 Mo. 354; *Bliss* v. *Johnson*, 73 N. Y. 529.

A bill of exceptions in the record recites, that at the proper time the defendant "introduced upon the witness stand one Benjamin Judy, the defendant, a competent witness, and by him offered to prove the following facts: 1. That the defendant was the owner in fee of the premises in controversy." This is followed by six additional propositions, which the bill states the defendant offered to prove by the witness. This is followed by like propositions made with respect to his other witnesses. These offers were, on objection made by the plaintiff, rejected by the court, and in this it is claimed the court erred. It does not appear that any questions were propounded to either of the witnesses, nor is there any statement of the particular facts which it is claimed either of them would have testified to. Nothing further appears except that a witness was in each case placed on the stand, whereupon the defendant submitted to the court a list of propositions or conclusions which it was proposed to establish by the testimony of each witness. This presents no question for our consideration. *Higham* v. *Vanosdol, post,* p. 160, and cases there cited.

Questions upon the refusal to admit evidence from a witness can only be saved by propounding to the witness some pertinent question, and, upon objection made, stating to the court, as it may direct, the testimony or facts which the witness would detail in answer thereto.

We have examined the evidence, and are of opinion that it sustains the verdict. The defence is based upon the theory that it was incumbent on the plaintiff to show a legal right to the possession as against the defendant, and that peaceable possession under a claim of right was not sufficient to entitle him to maintain his action. The instructions of the court were opposed to this view, and without examining them in detail we think they were not erroneous.

The judgment is affirmed with costs.

Filed April 9, 1885.

Judy *v.* Citizen.

## On Petition for a Rehearing.

Mitchell, C. J.—In support of the petition for a rehearing, the learned counsel argue with much force and plausibility, that the transient possession of lands by a trespasser can neither be peaceable possession nor right of possession. Conceding this, it is nevertheless aside from the real question involved. It was averred in the complaint that the plaintiff was in the lawful and peaceable possession, and occupying the land in dispute with his family, claiming as tenant from year to year, and that the defendant with force and violence evicted him. This rebuts all presumption that he was a mere trespasser. What we hold in the principal opinion is, that this is the averment of such lawful peaceable possession, under a claim of right, as gives the person so in possession the "right of possession" as against a forcible invasion.

We agree with counsel that the complaint must show a right to possession, but that right, within the contemplation of the statute against forcible entry and detainer, is shown in this case by the averments above mentioned, and against a person so in possession, another may not set himself to be judge, and, having decided in favor of himself, execute his own judgment by force.

The circumstances under which an intruder may be expelled are not determined in the opinion, for the reason that no such case is presented by the record before us. Upon this subject see Cooley Torts, 323, 324.

We think no inference can be drawn from anything said in the principal opinion, that one who intrudes upon the possession of another may not be removed by the person rightfully entitled, even by force, if prompt action is taken to that end. This is nothing more than defending one's possession against intrusion from others.

It is claimed that the evidence does not sustain the verdict, because there is no proof that the plaintiff ever had possession of, or was evicted from anything but the house.

Judy v. Citizen.

The evidence tended to show that the plaintiff rented the house of, and was put in possession by, one VanReed. Whether he rented the ten acres of land belonging with the house is left to inference. There was no direct evidence on the point.

There was a general verdict for the plaintiff and an assessment of $20 damages, and upon this the court rendered judgment, awarding a writ of restitution to the plaintiff for the house and land described in the complaint. The court was asked by motion to modify the judgment, so as to make it a judgment awarding damages only. This motion was overruled, and we think properly.

We think it is fairly inferable from the testimony, that the plaintiff had rented, and was in possession of, the land as well as the house. He testified as follows: "I moved into the property in controversy; it is a frame house of six rooms; there are ten acres of land; there is a barn, smoke-house and orchard." On cross-examination, he testified: "I told Mr. Judy I rented of Byron VanReed; he said, 'I want you to understand these are my premises and you have no right here.'" VanReed testified: "I had occupied premises; I put Citizen in dwelling; I reserved two rooms in house; had my things in them; * * * on the ten acres there was a dwelling, well, barn and smoke-house." The property is described in the complaint as consisting of a dwelling-house, out-buildings and ten acres of ground. The witnesses speak of it as the "property in controversy," the "premises," etc., and as against the verdict of the jury, we can not say there was no evidence that the plaintiff was in possession of the premises in controversy.

The petition for a rehearing is overruled.

Filed June 13, 1885.