## INDIANAPOLIS & MARTINSVILLE RAPID TRANSIT COMPANY v. HALL.

[No. 20,636.   Filed November 28, 1905.]

1. WITNESSES.—*Competency.*—*Physicians.*—*Injuries to Patient.* —*Evidence.*—A physician is not competent, over the objection of the patient, to testify as to matters learned in treating such patient professionally and the fact that plaintiff and his daughter testified to plaintiff's condition, to his statements as to his injuries and to the declarations of the attending physicians as to the nature of plaintiff's injuries is not a waiver of plaintiff's right to object to the competency of such physicians.   p. 559.

2. EVIDENCE.—*Questions.*—*Objections.*—*Offers of Proof.*—*Appeal and. Error.*—No question is presented on appeal where the excluded evidence was contained in an offer of proof but no proper question had been asked witness to elicit such offered evidence. p. 560.

3. SAME.—*Offer of Proof Containing Competent and Incompetent.*—*Appeal and Error.*—Where an offer of proof contains some competent evidence mingled with much that is incompetent, no error is committed by the trial court in excluding same, it being the party's duty to separate the competent from the incompetent.   p. 560.

4. SAME.—*Competent and Incompetent.*—*Duty of Parties Concerning.*—It is the duty of parties to ask properly-framed, pertinent questions in presenting evidence, and to include only competent evidence in an offer of proof, no question being raised by an offer without the asking of an appropriate question.   p. 561.

5. NEW TRIAL.—*Exclusion of Evidence Partly Incompetent.*—The overruling of a motion for a new trial assigning as error the exclusion of certain evidence, partly competent and partly incompetent, does not constitute available error.  p. 561.

From Hendricks Circuit Court; *Thomas J. Cofer,* Judge.

Action by John M. Hall against the Indianapolis & Martinsville Rapid Transit Company.  From a judgment on a verdict for plaintiff for $1,200, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.  *Affirmed.*

*Charles O. Roemler* and *James L. Clark,* for appellant. *Brill & Harvey,* for appellee.

GILLETT, C. J.—This was an action by appellee to recover for an injury to his person.  He and his daughter were witnesses on his case in chief, and they testified to his condition after his injury.  While so testifying said witnesses stated that appellee made complaint to the attending physicians of certain pains, and also incidentally testified to declarations claimed to have been made by said physicians, while treating appellee, as to the nature and probable result of his injury.  The following remark, attributed to Dr. Hylton, is illustrative of the latter class of declarations:  "He said that his [appellee's] heart action was very bad, and that he thought there would be an abscess in the hip joint; he was sure of that."  There was no objection made to any part of said testimony.  Dr. Hylton was subsequently called as a witness for the defense.  He testified preliminarily that he was a physician, and then appellee's counsel examined the witness on his *voir dire,* as to his having treated appellee in a professional capacity. Upon its appearing that the relation of physician and patient existed, the witness was turned over to counsel for appellant, who resumed the direct examination with the question:  "Did you treat him at the time of his injury?"  At this point the record shows that appellee's counsel objected "to Dr. Hylton's testifying as a witness in

this case as to anything he learned, either by observation
or examination, or from the statements of the plaintiff,
while he was treating him as a physician." Then follows
an offer to prove upon the part of appellant. The offer,
as set out in the record, involves various subjects. It sets
out the character of the examination made. It states at
great length the nature and extent of the wounds and
bruises upon appellee's person. It states that certain al-
leged injuries did not exist, and were not complained of to
the witness. It describes the progress toward recovery,
and the mood of appellee after the first visit, and it con-
cludes with the statement that the witness did not find any
evidence that an abscess would form on appellee's hip, but
that, in response to the latter's question as to what might
occur from a blow on the hip, the witness said that an ab-
scess might form. The record then shows that the court
sustained the objection of appellee, and refused to allow the
witness to testify, to which ruling appellant excepted. The
other physician, Dr. Thompson, was also called as a wit-
ness by appellant, but as the record as to his examination
is practically the same as it is concerning Dr. Hylton, no
further statement is necessary.

Appellant's counsel contend that the disclosures by ap-
pellee and his daughter, testifying on his behalf, as to his
condition and the circumstances attending the visits of the
physicians, should have been accounted a waiver of the
right to object to said physicians as disqualified, or, in
other words, it is claimed that appellant was at liberty to
examine said professional witnesses generally; and it is
particularly contended that they were competent for the
purpose of denying or explaining the statements attributed
to them. Appellee's counsel, on the other hand, in addi-
tion to insisting that said witnesses were wholly incompe-
tent, contend that the record does not present any question.

The first of said propositions is readily disposed of.
There was no general waiver upon the part of appellee of the

right to object to said physicians' testifying as witnesses for appellant; there were many matters within the offer to prove concerning which they remained wholly incompetent. *Penn Mut. Life Ins. Co.* v. *Wiler* (1885), 100 Ind. 92, 50 Am. Rep. 769; *Williams* v. *Johnson* (1887), 112 Ind. 273; *City of Warsaw* v. *Fisher* (1900), 24 Ind. App. 46. The case of *Williams* v. *Johnson, supra,* is much in point. It was there said: "The fact that the plaintiff had testified that she had sustained injuries, and that she called Dr. Herr, and that he had prescribed for her back and side, did not justify the admission of the evidence of the physician as to what he had or had not discovered as the result of an examination of the plaintiff's person."

The question as to the competency of the physicians as witnesses to explain or deny the statements attributed to them is not presented. It was only in the course of an offer to prove that there was a tender of any such evidence. It is a settled rule of practice that there must be a question asked which is calculated to elicit the testimony excluded to present any question concerning the ruling. *Judy* v. *Citizen* (1885), 101 Ind. 18; *Higham* v. *Vanosdol* (1885), 101 Ind. 160; *City of Terre Haute* v. *Hudnut* (1887), 112 Ind. 542; *Deal* v. *State* (1895), 140 Ind. 354. In *Judy* v. *Citizen, supra,* it was held that a ruling excluding testimony would not be reviewed where a witness was produced and, without addressing any question to him, an offer was made that the witness would testify to certain facts. That case and the one in hand are alike in principle.

The course pursued by appellant's counsel was objectionable in another particular, and that is that the offer to prove what was said was a part of a general offer that involved an offer to introduce incompetent testimony.

It is the duty of a party to select the competent from the incompetent in offering testimony, and he can not

impose this duty upon the trial court. *Cuthrell* v. *Cuthrell* (1885), 101 Ind. 375; *Louisville, etc., R. Co.* v. *Falvey* (1886), 104 Ind. 409; *City of Terre Haute* v. *Hudnut, supra; Jones* v. *State* (1889), 118 Ind. 39. As stated in Elliott, App. Proc., §745: "The only offer upon which error can be successfully alleged is one wherein no incompetent evidence is contained." The later decisions of this court uphold the view that a ruling that a witness is incompetent will not excuse the making of a sufficient offer to prove. *State, ex rel.,* v. *Cox* (1900), 155 Ind. 593; *Toner* v. *Wagner* (1902), 158 Ind. 447.

The rules of practice above indicated are not arbitrary, but are rules which experience has demonstrated to be essential to the administration of justice. 4. It is too much to expect that a court, without even the aid of an apposite question, shall sift out of a long offer to prove, consisting largely of that which is incompetent, an item of proposed testimony which would only be admissible because of certain testimony which had been previously offered by the other side. The sustaining of an objection to the question under such circumstances is not error, and even the indicating by the court that the witness is incompetent will not dispense with the necessity of an appropriate question and a proper offer to prove. It is only by the method of saving questions above indicated that misapprehensions can be avoided during the course of a trial, and that the court on appeal can be advised that the ruling was made with a precise understanding of its import.

We may further add, concerning the rulings under immediate consideration, that there was no attempt to segregate the competent from the incompetent in the 5. motion for a new trial, so the grounds for a new trial relative to the rejection of the testimony of said physicians are not in any instance well assigned as a whole.

Judgment affirmed.

Hadley, J., did not participate.