## PORA v. STATE OF INDIANA.

[No. 26,420. Filed January 13, 1936. Rehearing denied April 29, 1936. Petition to reconsider dismissed October 1, 1936.]

*George Panea,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, *Joseph P. McNamara,* Deputy Attorney-General, *Henry R. Wilson, Jr.,* Assistant Attorney-General, and *William A. Fuzy,* for appellee.

HUGHES, J.—The appellant was found guilty of embezzlement and was sentenced to the Indiana State Prison for a period of not less than two nor more than fourteen years. He assigns as errors the overruling of his motion in arrest of judgment and the motion for a new trial.

In the motion for arrest of judgment it is asserted that the facts stated in the affidavit do not constitute a public offense. Upon an examination of the affidavit we find the same sufficient and no error was committed in overruling the motion in arrest of judgment.

The appellant assigns as his reason for a new trial that the finding of the court is not sustained by sufficient evidence and that the finding is contrary to law, and the further reason that the court erred in refusing

to admit in evidence the printed part of defendant's Exhibit Number One.

The evidence in the case shows that the appellant for a number of years had been in the real estate business and foreign exchange dealings in the City of East Chicago; that he and the prosecuting witness, Lajos Imre, had been acquainted for several years; that appellant had been employed by the prosecuting witness on several occasions to transmit money to the father of the prosecuting witness who lived in Europe; that in August, 1930, the prosecuting witness had a conversation with appellant concerning a passport to Europe and that on November 13, 1930, they had another conversation concerning a passport. The evidence further shows that at the last conversation the appellant told Imre that the bank in which he, Imre, has his money had closed; that Imre then said he would not go to Europe, but appellant, knowing that Imre had money in another bank in Indiana Harbor induced Imre to let him have $3000 to deposit in a bank in Roumania; that appellant told Imre that all banks in this country would be broke and that he would lose his money, but that it would be safe in Europe; that Imre gave the appellant a check for $3000 which was to be deposited in a Roumanian bank by appellant in the name of Imre and his wife after it had been converted into Roumanian currency by the appellant; the evidence discloses that the money was never deposited by appellant for Imre; that the check for $3000 was cashed by appellant and deposited to his account in the Citizens Bank of Indiana Harbor when he had agreed to deposit the money in the Roumanian bank and secure a bank book for Imre; he never secured any bank book for Imre although often requested to do so. The evidence further discloses that Imre made repeated demands on appellant to return the money, but he never did so, but offered to give him a

note for the amount or sell Imre some real estate in payment.

It was the contention of appellant that he sent the money to the Roumanian bank, but there is no evidence to show that he did, but on the contrary there is evidence which shows that he never deposited the money to the account of Imre. And the fact that he offered to give Imre his note for the amount due, or sell him some real estate, is strong evidence that he retained the money of Imre in violation of his trust.

Objection is made that the court erred in refusing to admit in evidence the printed part of defendant's Exhibit Number One. This exhibit purported to be an advice to the foreign bank (Albina) to open a savings account for the Imres and to send a pass book to appellant for the Imres. It was contended by appellant that the original was sent to the foreign bank. Part of the exhibit purported to be a carbon copy and was admitted; the other part was printed and rejected. There was no foundation laid that the original could not be had and it is a self-serving declaration. Moreover, there is no question saved as to the ruling of the court in the exclusion of the evidence. There was no question asked as a basis for the admission of that part of the exhibit refused and to save a question on the ruling in excluding evidence a proper question must be asked. *Judy* v. *Citizen* (1885), 101 Ind. 18; *Indianapolis Transit Co.* v *Hall* (1905), 165 Ind. 557, 76 N. E. 242. In any event the ruling was not harmful to the appellant. The exhibit which was refused did not contain the name of the payee nor the amount of money which the appellant purported to have sent to the foreign bank, and without further evidence to explain the exhibit it would be unintelligible. Such evidence was not given or offered.

We have carefully examined the evidence in this case

and find that it is sufficient to sustain the finding and judgment of the lower court and that it is not contrary to law.

Judgment affirmed.