ALBERT JOHANN & SONS CO., INC., *v* ECHOLS

[No. 20,621. Filed July 16, 1968. Rehearing denied September 9, 1968. Transfer denied November 12, 1968.]

*Russell G. Lloyd,* of Evansville, for appellant.

*Olsen and Niederhaus,* of Evansville, and *Robert S. Wagoner,* of Rockport, for appellee.

BIERLY, J.—This appeal involves the alleged breach of an employment contract and a set-off to the action thereon.

The appellee, Guy G. Echols, plaintiff below, was awarded damages in the sum of $23,300.45 by the verdict by the jury against the appellant-defendant, Albert Johann & Sons Company, Incorporated. The plaintiff had alleged in his complaint that the defendant funeral establishment had contracted to employ him in an advisory capacity for a period of 12-1/2 years at a rate of $50.00 per week, plus some insurance benefits. Subsequently, the contract was terminated. The defendants, in their affirmative denials, raised numerous issues but only these three propositions are to be considered on appeal:

(1). Did the trial court err in directing a verdict for the plaintiff in the issue of the defendant's set-off claim?

(2). Did the plaintiff have a duty to mitigate any damages incurred as a result of the defendant's breach of the employment contract; and, should any collateral income have been offset against such damages?

(3). Did the court err in refusing to give certain instructions requested by the defendant, which instructions pertain to propositions (1) and (2) above?

Both parties herein filed their initial briefs on appeal, however, the appellant chose not to file a reply brief as our rules permit. The briefs submitted consisted mainly of excerpts from the record and pleadings.

The appellant's first proposition of error submits that the trial court should have overruled plaintiff's motion for a directed verdict on the matter of the defendant's set-off claim. The evidence shows that the plaintiff executed a promissory note in May, 1952, by which the plaintiff promised to pay to the defendant upon demand the sum of $6,681.84 plus interest and attorney's fees. It was this note which the defendant sought to set-off against the plaintiff's breach of contract claim. The plaintiff raised an affirmative defense to the set-off arguing that the statute of limitations has run on

any action on this note; and, in the alternative, that the employment contract upon which plaintiff's action was brought contained a general release of any prior claims the funeral home may have had against Mr. Echols. Much of the transcript and briefs consist of matter pertaining to this issue. The defendant sought to show that the statute of limitations had been tolled by the plaintiff's payment of interest on the note during the last ten years, citing *Meehan, Adm'x. v. Meehan's Estate* (1933), 98 Ind. App. 9, 186 N. E. 908. This testimony was not allowed by the trial court for the reason that it had been affirmatively shown that the statute of limitations on the note had expired and that the general release also barred the claim.

The defendant then made an offer to prove as to what the testimony would have been, if allowed by the court:

\* \* \* \* \*

"And the objection was by the Court sustained to the exhibit (the exhibit being said note).

"MR. MASON: On what grounds, your Honor?

"THE COURT: On the grounds that there is a release here and on the grounds that the statute of limitations has run on it from the very evidence that has been introduced here, May 9, 1952.

"*Q. Has the interest been paid on this note?* (Emphasis supplied.)

"And the plaintiff objects.

"And the objection was by the Court sustained.

"THE COURT: I believe there is a release here.

"MR. MASON: Why, your Honor, we are going to show that Mr. Echols made payments on it.

"THE COURT: There is a release here.

"MR. MASON: If he continued to make payments after the date of that contract, then that is positive proof that they did not intend this debt here to be a part of the agreement or released by it, otherwise he

wouldn't have needed to make interest payments on it. That will be our proof.

"THE COURT: I'll sustain the objection to it. Make your offer to prove.

"MR. MASON: We do want to make an offer to prove on that, your Honor.

"DEFENDANT'S OFFER TO PROVE—EXHIBIT 'A'.

"MR. MASON: The defendant now offers to prove and the witness will testify in answer to the question, if permitted to answer, that the plaintiff, Guy G. Echols, is the co-maker on a note which is due and unpaid, payable on demand to Albert Johann & Sons Company, in the principal sum of $6,681.84, dated May 9, 1952, bearing 2 per cent interest from date and providing for attorney fees and waiving all relief and evaluation of appraisement laws; that the interest on the note was paid annually down to 1964 and that in the last ten years the plaintiff Guy G. Echols has made payments of interest on the debt; that nothing has been paid on the principal, that the entire note is due, owing and unpaid; that there is now due and owing on this note the entire principal thereof, demand of which has been properly made for payment of the same and payment refused. There is interest due on the note now of $368.00 with accruing interest and attorney fees in the sum of $500.00. This being the note which has been pleaded in this case by the defendant by way of set-off. The witness would further testify, if permitted to answer, that these payments by the plaintiff Guy G. Echols, were made within less than ten years and were made by him with full knowledge of the existence of the contract clause, which plaintiff is insisting is a release preventing the collection of the debt."

It must be noted that the question to which the defendant directed his offer of proof required only a "yes" or "no" answer. To be proper an offer of proof must state only the exact fact or facts about which the proponent of the testimony would have the witness testify. *Papenbrook v. White* (1923), 194 Ind. 17, 141 N. E. 804. If the offer of proof is unresponsive, exceeds the scope of the question asked, or is in the form of a general statement

or conclusion, it is not sufficient and there is no error in sustaining the objection to the question, *Anselm v. Anselm* (1947), 118 Ind. App. 169, 75 N. E. 2d 921; *Smith v. Gorham* (1889), 119 Ind. 436, 21 N. E. 1096; *Indianapolis & M. Rapid Transit Co. v. Hall* (1905), 165 Ind. 557, 76 N. E. 242.

In the matter before us the witness was asked the simple question: "Has the interest been paid on this note?" This required only an affirmative or a negative answer by the witness. Defendant's offer far exceeded the scope of the question and contained conclusions of law and fact, it was therefore improper and there is no error in sustaining the plaintiff's objection.

The question of the applicability of the statute of limitations to the defendant's set-off claim on the note offers less difficulty. The parties have apparently overlooked the fact that it has been the law in this state for more than one hundred years that a claim, otherwise barred by the statute of limitations, may be pleaded as a set-off. *Fox v. Barker* (1860), 14 Ind. 309.

This rule is codified as Section 2-1036 of Burns' Ind. Stat. Anno., which reads as follows, to wit:

"2-1036 (391). Pleading set-off or payment, though barred. —A party to any action may plead or reply a set-off, or payment to the amount of any cause of action or defense, notwithstanding such set-off or payment, is barred by the statute. [Acts 1881 (Spec. Sess.), ch. 38, § 41, p. 240.]"

The set-off claim, therefore, is not barred by the statute of limitations on such notes.

The general release which appears as part of the employment contract is a different matter, however. Paragraphs 4 and 5 of the employment contract appear as follows:

## "GENERAL RELEASE

"4. Except as herein to the contrary in this agreement provided, the parties shall and do hereby mutually remise, release and forever discharge each other from any and all actions, suits, debts, claims, demands, and obligations, whatsoever, both in law and in equity, which either of them ever had, now has, or may here after have against the other upon or by reason of any matter, cause or thing up to the date of the intention of the parties that henceforth there shall be, as between them, only such rights and obligations as are specifically provided in this agreement.

## "ENTIRE AGREEMENT

"5. The parties hereto acknowledge that this agreement constitutes and expresses the whole agreement of said parties hereto in reference to any employment of the employee by the Corporation, and further acknowledge that no promises or representations have been made other than as expressly set forth in this agreement."

As a general rule the intention of the parties to a contract is determined by the language employed in the document. *Walb Const. Co. v. Chipman* (1931), 202 Ind. 434, 175 N. E. 132.

Exceptions to this rule may be allowed in the event of vague language, ambiguity, mistake, or fraud or deception perpetrated to induce execution; *New Harmony Realty Corp. v. Superior Oil Co.* (1941), 108 Ind. App. 668, 31 N. E. 2d 673. When the terms of a written agreement are plain and clear on the face of the document, however, they are conclusive. *Reed v. Lewis* (1881), 74 Ind. 433, 39 A. R. 88; *Thompson v. Arnold* (1958), 238 Ind. 177, 147 N. E. 2d 903.

The employment contract of which the offered release is a part, is dated January 24, 1956. It is signed by the plaintiff as "employee", also by the president of the defendant corporation, and attested by the secretary of said corporation. The contract was unanimously approved by the board of directors of the corporation in a special monthly meeting on the same date. Since the parties to the note which is in con-

tention in the set-off and to the contract containing the "release . . . from any and all . . . debts, claims . . . obligations, whatsoever, . . . which each of them ever had . . ." are the same, it must be presumed that the contract was entered into with full knowledge of the prior note, and said obligation was, therefore, released. The trial court properly so ruled.

As a second proposition, the appellant complains that the trial court erroneously rejected the defendant's evidence of the appellee Guy G. Echols' earnings during the period subsequent to the termination of the employment contract by the appellant. This evidence was offered by way of mitigation of damages and the appellant corporation submits that it is entitled to have these subsequent earnings deducted as mitigation of the appellee's damage, if any, there be. The appellant has correctly stated the general rule for the determination of damages in actions for breach of employment agreements, to wit: where one person holds a contract to perform services for another and the other party wrongfully discharges the employee, then, while said employee may have a cause of action for damages resulting from the wrongful discharge, he may not sit idly by, but must make a reasonable effort to secure other work and any income from such work may be offset against the damages sought. *Township of Haddon School of Sullivan County v. Willis* (1936), 209 Ind. 356, 199 N. E. 251.

Like all general rules of law, however, there are exceptions. We believe the situation before us falls under an exception to the stated rule.

The appellee herein was hired in an "advisory capacity" only, required to "render such services to the Corporation . . . as shall from time to time be assigned to him. . . ." The contract specifically pointed out that Mr. Echols was recognized to be, by reason of his impaired health, unable to perform the duties required of a full time employee. He was,

therefore, hired in a special capacity. Echols was not required under the contract to refrain from other work to supplement the fifty dollars per week he was to receive for his advisory services with the funeral establishment, and it was shown that he did find other work, some full and some part-time, during the period prior to the appellant's breach of the contract, and thereafter. Appellant now claims that any earnings from appellee's supplemental employment must be offset in mitigation of the damages in this action. This is not the case.

Mr. Echols would have earned the additional money whether or not the appellant had faithfully continued the contract. Appellee did not agree to devote his entire time to work under the contract. The agreement was to work in an "advisory capacity" for the appellant. The question, then, is not whether the appellee was otherwise gainfully employed during and after the period of the contract, but what income was received as a result of being relieved from performance of the litigated contract. *Fertilizer Co. v. Lille* (1927), 18 F. 2d 197, 52 A. L. R. 552.

No additional income was shown.

Having considered the first two propositions and our conclusions thereon, we need not further consider the third proposition relating to instructions.

In view of our conclusions reached we are of the opinion that the judgment of the trial court should be affirmed.

Judgment affirmed.

Pfaff and Smith, JJ., concur.

Cook, P.J., not participating.

NOTE.—Reported in 238 N. E. 2d 685.