PAUL LAZARRUS *v.* EMPLOYERS MUTUAL CASUALTY CO.

[No. 3-275A16. Filed June 29, 1977.]

*William H. Deniston,* of Rochester, *Robert E. Peterson, Peterson and Morton,* of Rochester, for appellant.

*James H. Pankow,* of South Bend, for appellee.

GARRARD, J.—Appellant Lazarrus insured his truck with Employers Mutual Casualty Co. (Employers). In July 1972, during the policy period, the truck was damaged by a fire which made it inoperable. Lazarrus submitted a claim, and during the months which followed there occurred substantial negotiations over what repairs were to be made and who should make them. Lazarrus secured an attorney. On October 2, 1972, Lazarrus' attorney, by letter, demanded $8000 less the salvage value of the truck in the event the company intended to "total" the truck. In addition he demanded $100 per day commencing August 1, 1972, until the settlement was completed due to the delay in disposing of the claim.

On January 22, 1973, Lazarrus executed a proof of loss and settlement form which was witnessed by his attorney. This instrument recited a claim and damage value of $4,481.57 which Lazarrus was paid, and released Employers from further liability for the claim.

The form recited in part,

"* * * That a loss by fire occurred on the 22nd day of July, 1972 at about the hour of 8:00 o'clock p.m. the items and extent of which loss are truly and accurately described in the schedule or invoices hereto attached;

* * *

The actual cash value of the property described by aforesaid Policy, actual loss and damage sustained, and the amount claimed under this Policy are as follows: [$4,481.57].

* * *

1. The insured does hereby release and discharge the Insurer of any and from any and all claims and demands under the said policy resulting from the occurrence of the loss above described;

2.A. The Insured hereby acknowledges the receipt of the sum of Four thousand, four hundred, eighty-one and 57/100 Dollars, ($4481.57) in full satisfaction and compromise settlement of the said loss;

* * *"

Subsequently, on March 25, 1974, Lazarrus commenced this action seeking actual damages for delay in the repair of the truck and punitive damages. Employers asserted the release as an affirmative defense and after deposing both Mr. and Mrs. Lazarrus, moved for summary judgment. The trial court granted summary judgment to Employers and Lazarrus appeals. He asserts there were genuine issues of fact which rendered summary judgment inappropriate. Specifically he contends (a) there was a disputed fact question regarding the coverage of the release; and (b) there was a disputed question as to whether the release should be avoided through the operation of equity.

## A.   Operation of Release

In considering the transaction between the parties it must be borne in mind that a distinction exists between satisfaction and release. A satisfaction is an acceptance of full compensation for an injury. It bars further recovery for that reason. A release, on the other hand, is a surrender of the claim for relief; of the claimant's right to prosecute an action to recovery.[1] Thus, on a certified question our Supreme Court pointed out in *Wecker* v. *Kilmer* (1973), 260 Ind. 198, 294 N.E.2d 132 that to determine whether the release of an original tortfeasor might bar a claim against a subsequent tortfeasor (a treating physician alleged to have committed malpractice) two factors, which are ordinarily questions of fact, control:

"(1)   Whether the injured party has received full satisfaction; and

(2)   Whether the parties *intended* that the release be in full satisfaction of the injured party's claim, thus releasing all successive tortfeasors from liability." 260 Ind. 198, 203, 294 N.E.2d 132, 135.

Thus, if *either* question is answered affirmatively, further action is barred (assuming for purposes of question 2 an otherwise valid release).

From the record before us, it is apparent that a factual question would exist as to whether Lazarrus actually received full satisfaction for his damage. Accordingly, the summary judgment must be sustainable under question (2) or not at all.

*Wecker* and our decision in *Ebert* v. *Grain Dealers Mut. Ins. Co.* (1973), 158 Ind. App. 379, 303 N.E.2d 693 both point to the fact-oriented context for determining the intent of the parties. Furthermore, the Court in *Wecker* indicated that parol evidence was admissible to explain the circumstances under which a release was executed as bearing upon the intended effect of the release.[2]

---

1.   *See, e.g.,* Prosser, Law of Torts (4th Ed.), pp. 301-305.

2.   While some of our earlier decisions support this view, others following traditional contract interpretation appear to exclude extrinsic

Here the language of the release stated that Employers was released "of any and from any and all claims and demands" under the policy "resulting from the occurrence" of the fire loss.

In support of its motion Employers submitted the depositions of both Lazarrus and his wife. These disclose that as early as October they were concerned about both the amount of damage to the truck and the time being spent to effect the repairs. From this concern they employed an attorney who made a formal demand for damages for unreasonable delay in settling the claim. More than three months later and in their attorney's presence, Lazarrus executed the release and accepted the recited payment.

Here, unlike the circumstance in *Wecker*, there was no factual issue regarding to whom the release was intended to apply. The post-release claim was asserted against the party to whom the release was given.

Nor does the claim appear as a separate claim under the policy. *See, e.g., Ebert* v. *Grain Dealers Mut. Ins. Co., supra.* It is a claim for consequential damages incurred through delay in performance. No fact issue exists concerning plaintiff's awareness of this injury and damage since the depositions disclose not only actual awareness but the making of a demand for compensation upon Employers some three months before the release was executed. While Lazarrus maintains that a factual question exists as to *his* intent in executing the release, the contention is unavailing. Any private reservation he refused or neglected to express would not alter the outcome. It is the mutual intent of the parties that controls. *Western & Southern L. Ins. Co.* v. *Vale* (1938), 213 Ind. 601, 12 N.E.2d 350; *Robison* v. *Fickle* (1976), 167 Ind. App. 651, 340 N.E. 2d 824.

evidence unless the language of the instrument is found to be vague or ambiguous. *See, Johann & Sons Co.* v. *Echols* (1968), 143 Ind. App. 122, 238 N.E.2d 685. We need not and do not consider whether *Wecker* stands for the admissibility of such evidence in *any* case involving a release.

Thus, upon the language of the release and the circumstances shown to exist at the time it was given, Employers established the validity of its defense. *Johann & Sons Co.* v. *Echols, supra.* Under such circumstances the mere technical possibility that some undisclosed fact might exist does not defeat Employers' claim for summary judgment. Instead, Indiana Rules of Procedure, Trial Rule 56 (E) at that juncture imposes upon the opponent of the motion the obligation of setting forth specific facts showing there is a *genuine,* and not merely an illusory, issue for trial. This Lazarrus did not do, and summary judgment was not erroneous on the ground that Employers failed to establish its right to relief.

## B. Avoidance

Lazarrus' remaining argument is that summary judgment was improper because genuine factual issues exist as to whether the release is voidable in equity. While disputed issues might exist regarding some of the elements Lazarrus suggests, one fact is indisputably established. At no time did Lazarrus offer or attempt to restore to Employers the consideration he received in exchange for the release. Such action on his part has been consistently held to be a necessary condition to avoiding a release. The reasons for this view as well as many of the earlier cases are set forth in *Monnier* v. *Central Greyhound Lines* (1955), 125 Ind. App. 672, 129 N.E.2d 800. Accordingly, the court did not err in determining that avoidance was unavailable.

Affirmed.

Hoffman, J., concurs; Buchanan, P.J. (participating by designation), concurs.

NOTE.—Reported at 364 N.E.2d 140.