**In re the MARRIAGE OF Jane Ellen BRADLEY, Petitioner-Appellant,**

**and**

**Michael E. Bradley, Respondent-Appellee.**

**No. 1-1081A292.**

Court of Appeals of Indiana, First District.

March 29, 1982.

Duge Butler, Jr., Butler, Brown, Hahn & Little, P.C., Indianapolis, for petitioner-appellant.

James L. Brand, Free, Brank, Tosick & Allen, Greenfield, for respondent-appellee.

ROBERTSON, Judge.

Jane Ellen Bradley appeals a judgment entered by the Hancock Circuit Court on June 14, 1981 in favor of her former husband, Michael E. Bradley. Jane Bradley petitioned the court for appointment of a real estate commissioner to sell the property she and Michael Bradley owned as tenants in common. The trial court denied the motion.

We affirm.

The marriage of Jane Ellen Bradley and Michael E. Bradley was dissolved on September 7, 1979. The marital home was awarded to them as tenants in common and then was to be sold whenever the earliest of the three following possible occurances arose:

    a.  At the end of ten (10) years from the date of the dissolution of this marriage; or

 

b. Upon the husband's remarriage; or

c. In the event that the wife became disabled and was unable to work for a continuous period of 180 days due to her disability.

On or about January 30, 1981, the husband began cohabiting with another woman. Mrs. Bradley sought appointment of a commissioner to sell the home pursuant to the terms of the property settlement agreement on the theory that for all intents and purposes, Mr. Bradley was remarried.

Mrs. Bradley contends that the trial court erred in denying appointment of a commissioner. She points out that Mr. Bradley is enjoying all the benefits of marriage without incurring the legal consequences. She claims his conduct defrauds her of her right to have the property sold.

Mr. Bradley maintains that the property settlement agreement speaks for itself because its provisions are clearly set forth. He asserts that since he has not in fact remarried, Mrs. Bradley has no right to force a sale of the property.

The law in Indiana has consistently encouraged parties to reach agreements upon dissolution of marriage. This is what Mr. and Mrs. Bradley did. On September 7, 1979, both parties signed a property settlement agreement which was incorporated into the divorce decree. The term "remarriage" was bargained for and decided upon as an express condition which would terminate Mr. Bradley's right to live in and have possession of the real estate.

Indiana courts have long held that they are not at liberty to make contracts for individuals. *See Automobile Underwriters v. Camp*, (1940) 217 Ind. 328, 27 N.E.2d 370; *Workman v. Douglas*, (1981) Ind.App., 419 N.E.2d 1340. The intent of the parties to a contract should be determined by the language employed in the document. It is only where the terms are ambiguous that an exception to this rule applies. *Albert Johann & Sons Co. v. Echols*, (1968) 143 Ind.App. 122, 238 N.E.2d 685.

In the present case, the terms of the agreement are clearly stated. None of the conditions decided upon have been met. Therefore, there is no right to have the property sold. For this reason, we uphold the decision of the trial court.

Judgment affirmed.

RATLIFF, P. J., and NEAL, J., concur.